Bell *v.* Bradner.

MIDDLETON BELL and wife

*v.*

WILLIAM B. BRADNER.

On a bill for specific performance of an agreement to convey, for a specified price, an interest in a land association, including the one-half of a certain lot,—*Held*, that the vendee could not be required to pay assessments previously made on such interest; but the cost of subsequent improvements made on the lot, with the vendee's consent, were allowed.

Bill for relief.   On final hearing on pleadings and proofs.

*Mr. I. W. Scudder,* for complainant.

*Mr. F. E. Bradner,* for defendant.

THE CHANCELLOR.

On or about the 1st of October, 1873, Mrs. Eleanor M. Bell, one of the complainants, purchased from the defendant, at the price of $1,200, then paid, one-half of the latter's interest, which was one-sixtieth, in the corporate association of this state, called The Ocean Beach Association.   Upon his share, the half of which he so sold to Mrs. Bell, the defendant had paid an assessment of $500.   This he paid on or about the 9th of December, 1872.   At the time of the sale the defendant was building a cottage upon the land which had then been assigned to him by the association out of its lands, on account of his share.   Subsequently the cottage was completed, and, after it was finished, certain improvements on the premises on which it stood, consisting of the building of a barn, fences &c., were made by Mrs. Bell. The bill is filed to compel a conveyance to her of her interest in the share, including the land assigned to the defendant on account of the share, and an account in respect to

the moneys paid by her on account of the cottage and other improvements before mentioned.

By the answer the defendant sets up the statute of frauds as a bar to the claim for a conveyance, and he insists that by the terms of the bargain between him and Mrs. Bell for the sale of the half of his interest, she was to pay half of all the money which he had paid on account of the share, as well as one-half of all that he should be afterwards required to pay. He also insists that he is not liable to pay any part of the cost of the above-mentioned improvements.

The defence, based on the statute of frauds and perjuries, cannot be maintained. In the first place, when the sale was made, the defendant gave to Mrs. Bell a receipt, signed by himself, for the purchase-money ($1,200), by which he acknowledged that he had received that sum from her, "for one-half interest in the association at Ocean Beach, N. J." He admits that he sold to her half of all his interest in the association. In the next place, on the 3d of November, 1873, he gave her a certificate, in writing, signed by himself, that he held, in his name, the deeds given to him by the association for the property, the lots of land assigned by it to him on acconnt of his share (describing the deeds and property), in trust for her and himself, and that he and she owned the property in equal shares. Again, Mrs. Bell has not only paid the purchase-money, but she has gone into and holds possession of the property so assigned. Mr. Bell, her husband, appears to have made the bargain for the purchase. He swears that there was no understanding that she was to pay anything on account of any assessment or assessments which had been previously paid on account of the share, although the fact that the defendant had paid $500 on account of it before the sale, was mentioned by the latter. The defendant, on the other hand, swears that she was to pay half of everything paid or to be paid to the association by him. The receipt is silent as to past assessments or payments. It acknowledges the receipt of $1,200, in satisfaction of the half of the defendant's interest in the

Bell *v.* Bradner.

association. The certificate of December 3d, 1875, is also silent on the subject. He does not appear to have demanded from her payment of the half of the assessment in question before this suit was brought. On the other hand, he appears not only not to have refused to give her a conveyance of her interest, but to have expressed his entire willingness to convey it to her without imposing terms of any kind, or claiming th.t anything was due to him from her. The same considerations apply to the contribution made by the defendant towards the building of the boarding-house on the property, of which he claims that she should pay to him one-half. The boarding-house was built before she purchased, and the defendant says that nothing was said about it when she bought her interest from him. The weight of the evidence is against his claim to contribution in respect to those payments.

As to the improvements, Mr. Bell swears that the understanding between his wife and the defendant was, that each should pay one-half of their cost. He says he asked the defendant to furnish one-half of the money to make them, and the latter said that he had no ready money to do it, but that if Mr. Bell would make the improvements, the latter could then let the house and receive the rents until the cost of them should have been thus paid. He testifies positively that the defendant was to pay for one-half of the improvements. The defendant, in his testimony, admits that he consented to part of the improvements, the building of the stable, kitchen and fences, but says that he qualified the consent by saying that he said he would be willing to spend a year's rent in making them. He does not say that there was any agreement that the cost should be limited to the amount of one year's rent. It is admitted that the improvements were not only made with his knowledge, but with his consent; and, further, they appear to have been necessary additions to the property.

There will be a decree that the defendant convey the interest (one one-hundred-and-twentieth part) in the associa-

tion sold by him to Mrs. Bell, and that he convey to her one-half of the land assigned to him on account of his share; also, that he account with her, and that, in the account, she be allowed for the cost of the improvements.